IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Garcia, | C/A No.: 3:20-695-JMC-SVH |
| Plaintiff, | |
| v. | ORDER AND NOTICE |
| Jeanette W. McBride, | |
| Defendant. | |

Jerome Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Richland County Clerk of Court Jeanette W. McBride ("Defendant"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges that on September 27, 2017, Defendant filed an affidavit of service in Family Court. *Id.* at 5. Plaintiff's allegations are difficult to interpret, but it appears Defendant served him with notice of a child support enforcement hearing, pursuant to Title IV-D of the Social Security Act. *See id.* at 5. Plaintiff seems to indicate he appeared for the hearing, but refused to sign documents related to a child support order. *Id.* at 6. He claims the Child

Support Enforcement Division, with Defendant's guidance, ignored federal law and denied him due process and equal protection of the laws. *Id.*

Plaintiff alleges that on July 18, 2019, he appeared for a hearing and provided proof that he had failed to enter into a child support agreement pursuant to Title IV-D. *Id.* at 6. He claims he was arrested without probable cause or due process. *Id.* He claims the state placed a lien on his property that prevents him from obtaining a driver's license, insurance, or employment. *Id.* at 8. Plaintiff states he refuses to participate in actions related to Title IV-D because he refuses to "partake in anything with the state." *Id.* at 5.

Plaintiff alleges Defendant used her position to "impersonate a judge" and enter judgment against him in a fraudulent case, denying him due process and equal protection of the laws. [ECF No. 1-1 at 2]. He claims Defendant unlawfully incarcerated him. *Id.* He asserts causes of action for unspecified violations under the Eighth Amendment, violations of due process and equal protection under the Fourteenth Amendment, abuse of process, malicious prosecution, and false imprisonment. [ECF No. 1 at 2, 3]. Plaintiff requests the court award him $ 1.5 million for loss of income and property and emotional stress. *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

3

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

[of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To state a claim on which relief may be granted, Plaintiff "must have plausibly alleged in his complaint that his constitutional rights were violated" by each individual defendant he is suing. *See Tobey v. Jones*, 706 F.3d 379 (4th Cir. 2013); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.).

Plaintiff has made only conclusory statements alleging Defendant violated his rights. Plaintiff's allegations appear to be related to ministerial functions Defendant performed in connection with an action to collect child support from him, in accordance with a plan established by the state in compliance with Title IV-D of the Social Security Act, 42 U.S.C. §§ 651–669. "[A]s a condition of receipt of any federal funding under Title IV-D of the Social

Security Act, 42 U.S.C. §§ 651–669, States must have an approved state plan for child and spousal support that meets all requirements of 42 U.S.C. § 654." *Hodges v. Thompson*, 311 F.3d 316, 318 (4th Cir. 2002). Pursuant to 42 U.S.C. § 654:

> A State plan for child and spousal support must . . . (4) provide that the State will:
>
> (A) provide services relating to the establishment of paternity or the establishment, modification, or enforcement of child support obligations, as appropriate, under the plan with respect to (i) each child for whom (I) assistance is provided under the State program funded under part A of this subchapter, (II) benefits or services for foster care maintenance are provided under the State program funded under part E of this subchapter, (III) medical assistance is provided under the State plan approved under subchapter XIX, or (IV) cooperation is required pursuant to section 2015(l)(1) of Title 7, unless in accordance with paragraph (29), good cause or other exceptions exist . . . and
>
> (B) enforce any support obligation established with respect to (i) a child with respect to whom the State provides services under the plan; or (ii) the custodial parent of such child.

It appears that Plaintiff is the noncustodial parent of children who have received state-funded assistance, benefits, or services and Defendant has served Plaintiff with notice of proceedings to collect child support payments to offset the state's costs for providing such services. *See generally* ECF No. 1 at 5. Although Plaintiff maintains he "refused to partake in anything with the state," ECF No. 1 at 5, the state is still required pursuant to its plan under Title IV-D to enforce support obligations against him for the assistance,

6

benefits, and services it provides his children. *See* 42 U.S.C. § 654. To the extent Plaintiff alleges Defendant has violated his constitutional rights by serving him with notice of actions related to the state's efforts to collect child support from him, he has not alleged a constitutional violation.

Plaintiff also alleges Defendant "used her position with the state to impersonate a Judge, and to give Judgement against" him and incarcerate him for 30 days. [ECF No. 1-1 at 2]. Plaintiff has not pled sufficient facts to allow the court to draw the reasonable inference that Defendant is liable for the misconduct Plaintiff alleges.

Even if Plaintiff had stated a viable claim against Defendant, she would be entitled to quasi-judicial immunity. Well-settled law provides judges and court support personnel immunity from claims arising out of their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *see also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]" Judicial immunity protects judges and court personnel from suit, as well as assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349,

7

356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted)).

In light of the foregoing, Plaintiff's complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 5, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 13, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge