

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME S. GARCIA, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION 3:20-695-MGL |
| | § | |
| | § | |
| MONET S. PINCUS, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Jerome S. Garcia (Garcia) filed this lawsuit against Defendant Monet S. Pincus (Pincus), a South Carolina Family Court Judge, under 42 U.S.C. 1983. He claims she violated his civil and certain constitutional rights. Garcia is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Garcia's amended complaint be dismissed with prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 3, 2020, and Garcia filed his objections on March 11, 2020, and a related affidavit on June 9, 2021. The case was subsequently reassigned to this Court on August 5, 2022. The Court has reviewed the objections, but holds them to be without prejudice. It will therefore enter judgment accordingly.

The Magistrate Judge suggests Garcia's amended complaint be dismissed on the basis of judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Instead, judicial "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 11–12.

Garcia makes some conclusory statements alleging these two exceptions apply here such that Pincus lacks judicial immunity from his claims. But, his contentions are so wholly lacking in merit as not to require any discussion. Therefore, the Court will overrule his objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Garcia's amended complaint is **DISMISSED WITH PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 11th day of August, 2022, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Garcia is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.